UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC GUTIERREZ AND PURIFICACION M. INFANTE,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., ET AL.<br><br>Defendants. | No. 2:13-cv-01695-TLN-AC<br><br><br>**ORDER** |

This matter is before the Court pursuant to Defendants Bank of America, N.A. ("Defendant B.A."), Mortgage Electronic Registration Systems, Inc. ("Defendant MERS"), U.S. Bank ("Defendant U.S. Bank") and National Association as Trustee for the Harborview Mortgage Loan Trust 2005-12 Mortgage Loan Pass-through Certificates, Series 2005-12's ("Defendant Trustee") (collectively referred to as "Defendants") Motion to Dismiss.[1] (ECF No. 8.) Plaintiffs Isaac Gutierrez ("Plaintiff Gutierrez") and Purificacion Infante ("Plaintiff Infante") (collectively referred to as "Plaintiffs") oppose Defendants' motion. (ECF No. 14.) Defendants filed a reply in response to Plaintiffs' opposition. (*See* ECF No. 17.) The Court has carefully considered the arguments raised by both parties. For the reasons stated below, Defendants' Motion to Dismiss (ECF No. 8) is hereby GRANTED.

---

[1] This matter was submitted without oral argument on December 3, 2013. (Minute Order, ECF No. 13); see also E.D. Cal. Local Rule 230(g).

1

**I.      FACTUAL AND PROCEDUREAL BACKGROUND**

On August 2, 2005, Plaintiff Gutierrez entered into a mortgage loan transaction for the Subject Property.  (Compl., ECF No. 1 at ¶ 7.)  The loan documents consisted of a Deed of Trust, Adjustable Rate Note, Adjustable Rate Rider, and Prepayment Rider.  (ECF No. 1 at ¶ 7.)   The loan product was an adjustable rate mortgage with negative amortization (110%).  (ECF No. 1 at ¶ 7.)    The loan documents were recorded in the Solano County Recorder's Office on August 11, 2005. (ECF No. 1 at ¶ 7.)    The Deed of Trust identifies Paul Financial, LLC as the lender and Foundation Conveyancing, LLC as the trustee.  (ECF No. 1 at ¶ 8.)  Defendant MERS is identified as the nominal beneficiary for Paul Financial, LLC.  (ECF No. 1 at ¶ 8.)  The original servicer of the loan was Paul Financial, LLC.  (ECF No. 1 at ¶ 9.)  The servicer assigned No. 124461119 to the loan.  (ECF No. 1 at ¶ 9.)  Shortly after the loan closed, Countrywide Home Loans, Inc. assumed the servicing role.  (ECF No. 1 at ¶ 9.)

In July, 2008, when Defendant B.A. acquired Countrywide Financial Corporation, Defendant B.A.'s loan servicing company, BAC Home Loans Servicing LP ("BAC") became the servicer of Plaintiff Gutierrez's loan.  (ECF No. 1 at ¶ 9.)  BAC subsequently merged into Defendant B.A. and so Defendant B.A. became the servicer.  (ECF No. 1 at ¶ 9.)

Shortly after the Gutierrez loan closed, it was sold to the HVMLT 2005-12 Trust on or before September 30, 2005, the Closing Date of the Trust.  (ECF No. 1 at ¶ 11.)  Countrywide Home Loans, Inc., the loan originator sold the loan to Greenwich Capital Financial Products, Inc. ("GCFP") as Sponsor/Seller in the securitization transaction.  (ECF No. 1 at ¶ 13.)  Immediately thereafter, GCFP sold the subject loan, pooled with other mortgages, on September 1, 2005, to Greenwich Capital Acceptance, Inc. ("GCA"), the securitization "Depositor." (ECF No. 1 at ¶ 13.)  Finally, GCA transferred the loan to Defendant U.S. Bank, National Association ("Defendant U.S. Bank"), as trustee for the HVMLT 2005-12 Trust.

On June 8, 2006, Plaintiff Gutierrez recorded a Grant Deed conveying the Subject Property to Jorge Infante.  (ECF No. 1 at ¶ 20.)   On June 23, 2008, Recontrust Company, acting as an agent for the (unidentified) Beneficiary, recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") against the Subject Property.  (*See* NOD, ECF No. 1-3.)  The

2

1  NOD states that "[t]o find out the amount you must pay, or to arrange for payment to stop the
2  foreclosure, or if your property is in foreclosure for any other reason, contact: MORTGAGE
3  ELECTRONIC REGISTRATION SYSTEMS, INC. C/O Countrywide Home Loans, Inc." (ECF
4  No. 1-3.) On December 23, 2009, Defendant MERS filed a Substitution of Trustee purporting to
5  substitute Recontrust Company for the original trustee under the Deed of Trust executed by
6  Plaintiff Gutierrez. (Substitution of Trustee, ECF No. 1-4.) Concurrently with the Substitution of
7  Trustee, on December 23, 2009, Recontrust recorded a Notice of Trustee's Sale scheduling a
8  foreclosure sale of the Subject Property for January 7, 2010. (Notice of Trustee's Sale, ECF No.
9  1-5.) However, the scheduled sale did not take place. On January 13, 2010, MERS recorded a
10 second Substitution of Trustee, again purporting to substitute Recontrust for the original trustee
11 under the Gutierrez Deed of Trust. (Second Substitution of Trustee, ECF No. 1-6.) Again,
12 Recontrust concurrently recorded another Notice of Trustee's Sale with the Second Substitution
13 of Trustee on January 13, 2010, this time scheduling the foreclosure sale of the Subject Property
14 for February 5, 2010. (Notice of Trustee's Sale, ECF No. 1-7.) Again, the scheduled sale did not
15 take place.
16      On February 5, 2010, Jorge I. Infante recorded a Grant Deed conveying his interest in the
17 Subject Property to Jorge I. Infante and Purificacion M. Infante, husband and wife. (ECF No. 1 at
18 ¶ 26.) The Grant Deed was executed on June 19, 2009. (Grant Deed, ECF No. 1-8.)
19      On February 10, 2011, Defendant MERS recorded: (1) a third Substitution of Trustee
20 again purporting to substitute Recontrust for the original trustee under the Deed of Trust (Third
21 Substitution of Trustee, ECF No. 1-9); (2) a Corporation Assignment of Deed of Trust assigning
22 its beneficial interest in the Subject Loan to BAC Home Loans Servicing, LP, FKA Countrywide
23 Home Loans Servicing, LP (Assignment of Deed of Trust, ECF No. 1-10); and (3) a Notice of
24 Trustee's Sale scheduling a foreclosure sale of the Subject Property for March 8, 2011 (Notice of
25 Trustee's Sale, ECF No. 1-11). The Subject Property was sold at the March 8, 2011 foreclosure
26 auction to BAC for $659,700.00, and the Trustee's Deed Upon Sale was recorded on March 24,
27 2011. (Trustee's Deed Upon Sale, ECF No. 1-12.)
28      Plaintiffs filed a complaint on August 15, 2013. (ECF No. 1.) The Complaint alleges five

causes of action: (1) wrongful foreclosure; (2) quiet title; (3) slander of title; (4) cancellation of instruments; and (5) violation of California Business and Professions Code §17200 et seq.  (ECF No. 1.)  Defendants have filed a motion to dismiss all of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 8.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

4

statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.    ANALYSIS**

The Court addresses each of Plaintiffs' claims separately below.[2]

      a.  <u>Wrongful Foreclosure</u>

The crux of Plaintiffs' argument is that during the securitization of the mortgage a defect occurred, thereby clouding the title.  The chain of title was "irreversibly broken when original lender Paul Financial sold the Gutierrez mortgage loan and was paid in full for it, but failed to assign the Deed of Trust to the initial purchaser of the loan, Countrywide Home Loans, Inc." (ECF No. 1 at ¶ 19.)  Thus, Plaintiff reasons that the assignment of the mortgage from the original lender Paul Financial to Countrywide never occurred, and the securitization Sponsor/Seller "did not, and could not, validly assign and transfer the mortgage loan to U.S. Bank as trustee for the certificate holders of the HVMLT 2005-12 Trust on or before the Trust's Closing date of September 30, 2005."  (ECF No. 1 at ¶ 19.)  Accordingly, Plaintiffs argue that the foreclosure is void because none of the Defendants in this case had the right or authority to foreclose upon the property.

Defendants argue that Plaintiffs' claim fails for two reasons.  First, Defendants argue that Plaintiffs' claim that the securitization broke the chain of title is contrary to California law and, second, that Plaintiffs cannot state a claim for wrongful foreclosure because they have failed to allege any harm or prejudice resulting from the securitization as is required to support a claim for wrongful foreclosure. (ECF No. 8 at 11.)  Defendants also contend that Plaintiff lacks standing to assert any cause of action pursuant to the Pooling and Servicing Agreement ("PSA") because they were not a party to it.

In opposition, Plaintiffs present two assertions.  First, plaintiffs contend that one who sales the beneficial interest in a promissory note to a securities trust does not retain the rights to foreclose on property, and thus Defendants' foreclosure is void.  Second, Plaintiffs assert that due to the foreclosure being void, Plaintiffs are not required to tender the amount due to sustain their claims.

---

[2] Neither of the parties dispute that California law applies to Plaintiffs' claims and have thus cited California law in support of their arguments.  As such, the Court finds that California law governs its analysis.

Pursuant to the arguments presented by the parties, the Court makes the following findings: (1) Plaintiffs do not have standing to challenge the validity of the PSA; (2) securitization of the loan does not void the beneficiary's interests; and (3) Plaintiffs cannot allege that they were prejudiced by the foreclosure.

### 1. Standing to Challenge the PSA

In support of Plaintiffs' contention that they have standing to challenge the PSA, Plaintiffs cite *Johnson v. HSBC Bank USA, Nat. Ass'n*, No. 3:11-CV-2091-JM-WVG, 2012 WL 928433, at *2 (S.D. Cal. Mar. 19, 2012). In *Johnson*, the court acknowledges that Ninth Circuit district courts are split as to whether a Mortgagor has a right to challenge the securitization process. *Id.* Although the *Johnson* court found that plaintiff was not foreclosed from bringing his claim, this Court finds that the majority of district courts have held that plaintiffs who are not parties to a PSA do not have standing to raise violations of a PSA or to otherwise bring claims on the basis that a PSA was violated. *See Hosseini v. Wells Fargo Bank, N.A.*, No. C-13-02066 DMR, 2013 WL 4279632, at *3 (N.D. Cal. Aug. 9, 2013); *Gilbert v. Chase Home Fin.*, LLC, No. 1:13-CV-265 AWI SKO, 2013 WL 2318890, at *3 (E.D. Cal. May 28, 2013); *Elliot v. Mortgage Elec. Registration Sys.*, No. 12-CV-4370 YGR, 2013 U.S. Dist. LEXIS 61820, *7–*10 (N.D. Cal. Apr. 25, 2013); *Sabherwal v. Bank of N.Y. Mellon*, No. 11cv2874 WQH-BGS, 2013 U.S. Dist. LEXIS 2930, *20–*21, 2013 WL 101407 (S.D. Cal. Jan. 7, 2013); *Dinh v. Citibank, N.A.*, No. SA CV 12-1502-DOC (RNBx), 2013 U.S. Dist. LEXIS 2312, *8–*11, 2013 WL 80150 (C.D. Cal. Jan. 7, 2013); *Ramirez v. Kings Mortg. Servs.*, No. 1:12-cv-01109-AWI-SKO, 2012 U.S. Dist. LEXIS 160583, *13–*14, 2012 WL 5464359 (E.D. Cal. Nov. 8, 2012); *Armstrong v. Chevy Chase Bank, FSB*, No. 5:11-cv-05664 EJD, 2012 U.S. Dist. LEXIS 144125, *6–*7, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012); *Hale v. World Sav. Bank*, No. CIV 2:12-cv-1462-GEB-JFM, 2012 U.S. Dist. LEXIS 141917, * 17–*18, 2012 WL 4675561 (E.D. Cal. Oct. 1, 2012); *Almutarreb v. Bank of N.Y. Trust Co., N.A.*, No. C-12-3061 EMC, 2012 U.S. Dist. LEXIS 137202, *3–*7, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012); *Armeni v. America's Wholesale Lender*, No. CV 11–8537 CAS (AGRx), 2012 WL 603242, at *3 (C.D. Cal. Feb. 24, 2012); *Junger v. Bank of Am.*, No. CV 11-10419 CAS (VBKx), 2012 U.S. Dist. LEXIS 23917, *7–*8, 2012 WL 603262 (C.D. Cal. Feb.

24, 2012); *Bascos v. Fed. Home Loan Mortgage Corp.*, No. CV 11-3968-JFW JCX, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011).

The Court adopts the majority view that Plaintiffs do not have standing to challenge the PSA. Accordingly, Plaintiff cannot maintain its claim for wrongful foreclosure and dismissal is appropriate. Moreover, even if Plaintiffs did have standing, Plaintiffs' arguments as to defects in the securitization of the loan and prejudice also fail to state a claim.

### 2. Securitization of the Loan

Plaintiffs allege that the securitization of the loan divested Defendant MERS of its beneficiary interest. Thus, Plaintiffs contend that MERS could not have transferred its interest to Defendants BAC. In support, Plaintiffs cite *Cerezo v. Wells Fargo Bank, N.A.*, No. 13-1540 PSG, 2013 WL 4029274 (N.D. Cal. Aug. 6, 2013). Again, the Court finds that Plaintiffs' position is not followed by the majority of courts. *See Patel v. Mortgage Elec. Registration Sys., Inc.*, No. 4:13-CV-1874 KAW, 2013 WL 4029277, at *4 (N.D. Cal. Aug. 6, 2013) (finding that the transfer of the Note and the beneficial interest through the securitization process does not constitute a sale of the Property, and therefore, there is no requirement that it be recorded); *McGough v. Wells Fargo Bank, N.A.*, No. C12–0050 TEH, 2012 WL 2277931, at *4 (N.D. Cal. June 18, 2012) ("Theories that securitization undermines the lender's right to foreclose on a property have been rejected by the courts."); *Sami v. Wells Fargo Bank, et al.*, No. 12–00108, 2012 WL 967051 at *4–*6 (N.D. Cal. March 21, 2012) (rejecting arguments that securitization invalidates standing to foreclose and finding borrower has no standing to challenge violations of the terms of a Pooling and Service Agreement ("PSA") as improper securitization); *Wadhwa v. Aurora Loan Servs., LLC*, No. 11–1784, 2011 WL 2681483 at *4 (E.D. Cal. July 8, 2011) (rejecting argument that securitization, and assignment of the note to a REMIC invalidates interests other than the borrower's); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (rejecting argument that defendants' power of sale is lost by assignment of original promissory note to a trust pool); *Benham v. Aurora Loan Servs.*, No. 09–2059, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) (rejecting same argument regarding trust pool); *Reyes v. GMAC Mortgage LLC*, No. 11–0100, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011)

1  ("securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce
2  the deed of trust"); *see also Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099
3  (E.D. Cal. 2010) (noting that "[t]here is no stated requirement in California's non-judicial
4  foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute
5  broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial
6  foreclosure"). Again, the Court declines Plaintiffs' invitation to apply the minority approach and
7  thus finds that Plaintiffs' claim for wrongful foreclosure fails.

### 3. Prejudice

Finally, Plaintiffs have not adequately alleged that the foreclosure was prejudicial. Case law instructs that the elements of an equitable cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011).

Here, Plaintiffs' wrongful foreclosure claim fails because Plaintiffs do not allege facts that satisfy the second or third prong. Specifically, Plaintiffs fail to allege that they were able to tender the amount owed on the mortgage. *See Dick v. Am. Home Mortgage Servicing, Inc.*, No. 2:13-00201 WBS, 2013 WL 5299180, at *3 (E.D. Cal. Sept. 18, 2013) ("Plaintiffs do not allege they could have met these obligations, and thus any defects in the foreclosure were not prejudicial to plaintiffs."); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) ("[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests."); *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1508 (2012) (finding no prejudice from assignment of loan where borrowers defaulted on the loan and failed to tender and cure default); *cf. Silga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 85 (2013) ("The assignment of the deed of trust and the note did not change [plaintiffs'] obligations under the note, and there is no reason to believe that ... the original lender would have refrained from foreclosure in these

circumstances.").

Plaintiffs contend that they are exempt from the tender rule (referenced above as the third prong) because they allege that the foreclosure was void, not voidable, and thus an exception to the tender rule. (ECF No. 15.) The Court agrees with Plaintiffs' assertion that a void foreclosure is an exception to the tender rule, but disagrees that the facts as alleged show that the foreclosure is void. Moreover, even if the foreclosure was void, Plaintiffs still cannot show the second prong, prejudice, because they have not alleged that they could meet the financial obligations under the loan. *Dick v. Am. Home Mortgage Servicing, Inc.*, 2013 WL 5299180 at, *3; *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th at 1508. Accordingly, Defendants' motion to dismiss Plaintiffs' wrongful foreclosure claim is GRANTED.

      b. Quiet Title

An action to quiet title is brought "to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. Proc. Code § 760.020. In a quiet title action, two conditions must be met. First, a complaint must be verified and include "(1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *15 (S.D. Cal. Sept. 29, 2009) (citing Cal. Civ. Proc. Code § 761.020). Second, a plaintiff must pay or offer to pay any outstanding debts on the subject property before the action to quiet title is commenced. *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177–78 (E.D. Cal. 2010); *Phillips v. Wells Fargo Bank, N.A.*, No. 09CV1486-H (BLM), 2009 WL 3756698, at *5 (S.D. Cal. Nov. 6, 2009). As discussed above, Plaintiffs do not allege that they are able to meet the financial debts on the subject property. As such, their claim for quiet title fails, and Defendants motion to dismiss this claim is GRANTED.

      c. Slander of Title

Plaintiffs' slander of title claim is predicated on Plaintiffs' allegations that MERS retained no beneficial interest in the subject property after the mortgage was securitized. Because this

Court has already discounted this argument, Plaintiffs fail to state a claim as to this cause of action. Thus, Defendants' motion to dismiss Plaintiffs' slander of title claim is GRANTED.

### d. Cancellation of Instruments

Plaintiffs essentially claim that pursuant to the securitization of the loan Defendants were divested of their interest in the loan, and thus any subsequent transfers of interest were false assignments and the loan contracts and Promissory Notes are null and void. (ECF No. 1 at ¶¶ 59–64.) Consequently, Plaintiffs ask the court to cancel the Deeds of Trust. While fraudulent loan documents might provide grounds for loan cancellation, as stated above, Plaintiffs' Complaint fails to state a claim for fraud. Further, Plaintiffs' inability to perform the obligations to which Plaintiff Gutierrez agreed, without more, does not provide a basis for cancellation of the loan. *See Andrade v. Wachovia Mortgage, FSB*, No. 09 CV 0377 JM (WMC), 2009 WL 1111182, at *4 (S.D. Cal. Apr. 21, 2009). "[I]n an action for rescission or cancellation of instruments, a complainant is required to do equity 'by restoring to the defendant any value the plaintiff received from the transaction.'" *Id.* (quoting *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796–97 (1961)). Therefore, because Plaintiffs have not alleged that they are prepared to return the loan proceeds to Defendants, they fail to state a claim for cancellation of the loan documents. *Id.* As such, Defendants' motion to dismiss Plaintiffs' claim for cancellation is GRANTED.

### e. California Business and Professions Code §17200 et seq.

Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). Plaintiffs' allegations concerning this claim are all founded on their theory that Defendants did not have a valid interest in the mortgage affecting the Subject Property. Because the Court has already disposed of this argument, Plaintiffs' have failed to allege any unlawful, unfair or fraudulent business act or practice that would support Plaintiffs' § 17200 claim. As such, Defendants' motion to dismiss Plaintiffs' § 17200 claim is hereby GRANTED.

**IV.  CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No.

///

11

1  ///

2  8) is hereby GRANTED.  Plaintiffs may file an amended complaint within thirty days of the

3  entry of this order.  Failure to do so will result in this case being closed.

4      IT IS SO ORDERED.

5

6  Dated: April 4, 2014

7

8                                           Troy L. Nunley
                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28